IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-45-FDW
(3:11-cr-49-FDW-1)

| | |
|---|---|
| RODNEY W. WHITNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )  **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255, and the Government's response thereto. For the reasons that follow, the Court will grant Petitioner's § 2255 motion in part and dismiss the remaining claims without prejudice.

## I.    BACKGROUND

On March 2, 2011, the Government filed a Bill of Information charging Petitioner with one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Petitioner entered into a written plea agreement with the Government and agreed to waive the issuance of an indictment and agreed to plead guilty to both counts in the Bill of Information. Petitioner appeared with counsel before U.S. Magistrate Judge David S. Cayer for his Plea and Rule 11 hearing and his plea of guilty was accepted after the court found that it was knowingly and voluntarily entered into. On January 17, 2013, Petitioner appeared with counsel and was sentenced to a term of 60-months' active imprisonment. Petitioner did not file a notice of

appeal.[1]

On January 27, 2014, Petitioner avers that he placed his § 2255 motion in the prison mailing system and it was filed in this Court on January 31, 2014. In his § 2255 motion Petitioner raises three grounds for relief. In his first ground for relief, Petitioner contends that his trial counsel provided ineffective assistance by failing to review the contents of his presentence report (PSR) with him and as a consequence, Petitioner was unable to consider the PSR and file written objections. Petitioner argues that this failure on the part of counsel resulted in a greater sentence than he would have received had he been able to lodge objections to the PSR. (3:14-cv-45, Doc. No. 1 at 4). In his second ground for relief, Petitioner asserts that his trial counsel was ineffective in (1) failing to object to an erroneous Guidelines calculation; (2) failing to challenge the amount of restitution or loss calculation; and (3) failing to properly prepare for the sentencing hearing. In his final claim for relief, Petitioner contends that his counsel failed to consult with him concerning the possibility of filing a direct appeal from his judgment, and that he failed to note an appeal. (Id. at 7). In his claim for relief, Petitioner argues for the Court to vacate his judgment and order a new sentencing hearing or in the alternative, Petitioner moves the Court to vacate his judgment so that he may exercise his right to file a direct appeal. (Id. at 13).

After conducting an initial review, the Court concluded that the Government should file a response to the claims in Petitioner's § 2255 motion, and the Government has filed a timely response and this matter is ready for disposition.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

---

[1] On May 9, 2013, the Court entered an Amended Judgment to correct a clerical error but the provisions of his original judgment remained in force. (Doc. No. 35).

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

The Sixth Amendment of the United States Constitution guarantees an accused the right to the effective assistance of counsel for his defense. In order to demonstrate a claim of ineffective assistance of counsel in a § 2255 proceeding, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that this deficient performance was prejudicial to petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Although he may agree to waive his right to appeal his judgment in his plea agreement, a defendant nevertheless has a statutory right to pursue a direct appeal from the judgment. See Rodriquez v. United States, 395 U.S. 327 (1969). A defendant has the final authority to decide whether to pursue a direct appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). To that end, one of the trial attorney's responsibilities is to consult with his client on critical decisions to his defense, which includes whether or not to pursue a direct appeal. Strickland, 466 U.S. at 688. The parameters of this responsibility were explained at length in Roe v. Flores-Ortega, 528 U.S. 470 (2000) (finding that counsel has a duty to discuss the right to appeal and to address whether an appeal may be in the client's best interest, among other responsibilities).

In the present case, the issue is whether Petitioner's counsel made any effort to discuss

his right to appeal, or to discuss the potential advantages or disadvantages of filing an appeal. Petitioner, who signed his § 2255 motion under penalty of perjury, avers that his counsel never addressed the subject of an appeal with him, in any manner, before or after entry of judgment. In its Response, the Government notes that in this situation, and based on the foregoing authority, and the practice in this district, the proper remedial measure is to vacate the judgment, and enter an amended judgment from which Petitioner may exercise his right to file a timely direct appeal. (Doc. No. 2 at 4, 6-7).

The Court finds that based on the authority presented herein, and the evidence presented by the Petitioner, that his judgment should be vacated and an amended judgment entered from which Petitioner may file a timely, direct appeal to the United States Court of Appeals for the Fourth Circuit. The Court will dismiss Petitioner's remaining claims in this § 2255 proceeding without prejudice to Petitioner's ability to pursue these matters in a future § 2255 proceeding should he decide to do so.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **GRANTED** in part. Petitioner's amended judgment is hereby vacated so that he may exercise his right to file a timely appeal. (3:11-cr-49-FDW, Doc. No. 35: Amended Judgment)

**IT IS FURTHER ORDERED** that Petitioner's remaining claims for relief are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter an Amended Judgment in Petitioner's criminal case. All terms and conditions of Petitioner's Amended Judgment, which was entered on May 9, 2013, Doc. No. 35, shall remain the same. Petitioner is notified that he

must file his written notice of appeal within fourteen (14) days from entry of the Amended Judgment. If Petitioner is unable to file his written notice of appeal within 14 days then he may instruct the Clerk to file the written notice of appeal on his behalf.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 16, 2014

Frank D. Whitney
Chief United States District Judge